**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VIEN-PHUONG THI HO, | No. 23-55626 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-09430-DOC-KES |
| v. | |
| THE CITY OF LONG BEACH, PUBLIC WORKS, Municipal Entity, official capacity; JEFFREY SORERRO, Representative of City of Long Beach, individual and official capacity; DIKO MELKONIAN, Representative of City of Long Beach, individual and official capacity; CRAIG A. BECK, Director, individual and official capacity; MALY OUM; DIN PHO; NEDA ROSHANIAN, individual and official capacity; LONG BEACH POLICE DEPARTMENT; JOSEPH GLUDT, Sergeant (Badge #5428), | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted April 28, 2026[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  O'SCANNLAIN, SILVERMAN, and RAWLINSON, Circuit Judges.

Appellant Vien-Phuong Thi Ho appeals pro se from the district court's summary judgment in her 42 U.S.C. § 1983 action alleging violations of her Fourth, Fifth, and Fourteenth Amendment rights related to defendants' removal of Ho's property from her neighbors' portion of an alleyway.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *See Hawatmeh v. City of Henderson*, 159 F.4th 591, 599 (9th Cir. 2025) (decision on qualified immunity); *Huntsman v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 127 F.4th 784, 789 (9th Cir. 2025) (en banc) (summary judgment).  We affirm.

The district court properly granted summary judgment on Ho's claims because Ho failed to raise a genuine dispute of material facts as to whether she had a protected interest in her neighbors' section of the alleyway, or whether defendants violated her constitutional rights.  *See Knick v. Twp. of Scott*, 588 U.S. 180, 185 (2019) (requirements of Fifth Amendment Takings Clause claim); *Amstrong v. Reynolds*, 22 F.4th 1058, 1066-67 (9th Cir. 2022) (requirements of Fourteenth Amendment due process claim); *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027 (9th Cir. 2012) ("seizure" occurs for purposes of the Fourth Amendment when there is some meaningful interference with an individual's possessory interests in property).

The district court also properly determined that Officer Gludt was entitled to qualified immunity because a reasonable officer would have believed that his actions were lawful. *See Hawatmeh*, 159 F.4th at 599 (qualified immunity requirements).

Ho has not identified any abuse of discretion in the district court's decision to consolidate her separate summary judgment motions. *See Bigfoot Ventures Limited v. Knighton*, 132 F.4th 1138, 1143, 1147 (9th Cir. 2025) (district court's decisions in supervising pretrial phase of litigation will not be disturbed unless they evidence a clear abuse of discretion; inquiry is limited to whether the decision applied an incorrect legal standard or was based on an illogical application of the facts).

The district court did not abuse its discretion when it denied Ho's motion for recusal of the magistrate judge. *See, e.g., Liteky v. United States*, 510 U.S. 540, 555 (1994) (judicial rulings generally are not a valid basis for a recusal motion).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See, e.g., Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Ind. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

**AFFIRMED**.